# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:14-CV-94-RJC-DSC

| | |
|---|---|
| EARL WRIGHT, | ) |
|        Plaintiff, | ) |
| v. | ) |
| BANK OF AMERICA, | ) |
|        Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #3) and the parties' briefs and exhibits. See documents ##3-1 and 4.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims arise out of a mortgage loan secured by real property located at 7511 Caribou Court in Charlotte, North Carolina ("the "Property"). The Court takes judicial notice that on September 24, 1997, a North Carolina General Warranty Deed conveying the Property from Eastwood Construction Co., Inc. to Plaintiff was recorded by the Mecklenburg County Register of Deeds at Book 9266, Page 476.[1]

---

[1]Because the Deeds and Deeds of Trust are public records, the Court may consider them without converting this Motion into a motion for summary judgment. See Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir.

1

On March 13, 2003, Plaintiff executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for lender Mortgage Investors Corporation ("MIC") and its successors and assigns. The Deed of Trust was recorded by the Mecklenburg County Register of Deeds at Book 14996, Page 906 (the "First Deed of Trust") and secured a loan in the amount of $125,440.

On November 21, 2006, Plaintiff executed a Deed of Trust in favor of MERS as beneficiary and nominee for lender First NLC Financial Services, LLC dba The Lending Center ("First NLC") and its successors and assigns. The Deed of Trust was recorded by the Mecklenburg County Register of Deeds at Book 21563, Page 256 (the "Second Deed of Trust") and secured a loan in the amount of $82,550.

On November 27, 2007, substitute trustee Lisa A. Campbell conducted a foreclosure sale of the Property under the First Deed of Trust. A Substitute Trustee's Deed was recorded on December 17, 2007 conveying the Property to the Secretary of Veterans Affairs. On January 7, 2008, the Final Report and Account of Foreclosure Sale was filed with the Mecklenburg County Clerk of Superior Court. The foreclosure documents refer only to the First Deed of Trust.

On January 31, 2014, Plaintiff filed his pro se Complaint in Mecklenburg County Superior Court. Plaintiff alleges that Defendant violated the Fair Housing Act ("FHA") by selling the Second Deed of Trust to "Select Portfolio" in November 2012 after previously selling

---

2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.") (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004)). In addition, "a court may consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." Sun Chems. Trading Corp. v. CBP Res., Inc., 2004 U.S. Dist. LEXIS 15460 (M.D.N.C. June 3, 2004) (internal quotation marks omitted). Courts may take judicial notice of facts that are not subject to reasonable dispute which are either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Id.; see also Fed. R. Evid. 201(b). Documents of record from a state court action are such materials of which the Court may take judicial notice because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Id.

the house at foreclosure. Plaintiff further alleges that from 2008 through 2013, Defendant reported the status of the second loan to credit reporting agencies ("CRAs") in violation of the Fair Credit Reporting Act ("FCRA"). The caption of the Complaint also makes reference to N.C. Gen. Stat. § 45-93.3.

On March 4, 2014, Defendant removed the state court action to the United States District Court for the Western District of North Carolina. Defendant asserts the existence of federal question jurisdiction which appears proper.

On March 11, 2014, Defendant filed its Motion to Dismiss. Defendant attaches its letter to Plaintiff dated August 28, 2012 informing him that the handling and servicing of the loan was being transferred.[2] Defendant asserts that it did not "sell" the mortgage loan secured by the Second Deed of Trust to Select Portfolio as characterized by Plaintiff. Defendant merely transferred the servicing of the loan to Select Portfolio.

Defendant's Motion to Dismiss has been fully briefed and is ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains

---
[2] Because Plaintiff referred to this correspondence in Paragraph 4 of his Complaint, it is a proper subject of judicial notice. See Philips, 572 F.3d at 180.

enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the

4

complained of behavior, the claim for relief is not plausible. Id.

Plaintiff's claims are premised on the mistaken notion that foreclosure on the First Deed of Trust extinguished his obligation to re-pay the second loan. Under North Carolina law, foreclosure on a first mortgage extinguishes the deed of trust for a second mortgage. It does not extinguish the debt itself or the second mortgagee's right to collect from the mortgagor. See Brown v. Kirkpatrick, 217 N.C. 486 (1940) (providing that the holder of a note secured by a second deed of trust is not prohibited from obtaining judgment on the note when the property has been sold under another deed of trust having priority of lien and noting that "[t]he holder of a note secured by a first deed of trust upon foreclosure, presumably, will receive satisfaction of his note from a sale, or he can protect himself by purchase of the land. But a holder of a note secured by a second deed of trust, who receives nothing, or an insufficient amount, from the sale, finds himself without security"); Bigley v. Lombardo, 90 N.C. App. 79, 84 (1988) (applying Brown). Although the Second Deed of Trust was extinguished by the foreclosure on the First Deed of Trust, the second loan remained a valid debt which Defendant or any holder of the promissory note could enforce.

For this reason, as well as the other reasons stated in its brief, Defendant's Motion to Dismiss should be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant "Motion to Dismiss" (document #3) be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: April 7, 2014

David S. Cayer
United States Magistrate Judge