UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-94-RJC-DCK

| | |
|---|---|
| EARL WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendants' Motion To Dismiss, (Doc. 3), and the Magistrate Judge's Memorandum and Recommendation (M&R), (Doc. 5), recommending that this Court grant Defendant's Motion. Plaintiff, who is proceeding pro se, has filed an objection to the M&R. (Doc. 6).

**I.     BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R. (Docs. 5, 6).

**II.     STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are

challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). Plaintiff alleges that Defendant violated the Fair Housing Act (FHA) by selling the Second Deed of Trust to "Select Portfolio" in November 2012 after previously selling the house at foreclosure. (Doc. 1-1). Plaintiff further alleges that from 2008 through 2013, Defendant reported the status of the second loan to credit reporting agencies (CRAs) in violation of the Fair Credit Reporting Act (FCRA). (Id.). The caption of the Complaint also makes reference to N.C. Gen. Stat. § 45-93.3. (Id.). While Plaintiff's objection was not entirely clear to the Court on its own terms, it appears that Plaintiff objects that, because Defendant did not own the property, it could not transfer the obligation on the second deed of trust to Select Portfolio. (Doc. 6).

The Magistrate explained that Plaintiff's claims are premised on the notion that foreclosure on the First Deed of Trust extinguished his obligation to re-pay the second loan. (Doc. 5). This Court agrees that under North Carolina law, foreclosure on a first mortgage

extinguishes the deed of trust for the second mortgage, however, it does not extinguish the debt itself or the second mortgagee's right to collect from the mortgagor. See Brown v. Kirkpatrick, 217 N.C. 486 (1940) (providing that the holder of a note secured by a second deed of trust is not prohibited from obtaining judgment on the note when the property has been sold under another deed of trust having priority of lien and noting that "[t]he holder of a note secured by a first deed of trust upon foreclosure, presumably, will receive satisfaction of his not from a sale, or he can protect himself by purchase of the land. But a holder of a note secured by a second deed of trust, who receives nothing, or an insufficient amount, from the sale, finds himself without security"); Bigley v. Lombardo, 90 N.C. App. 79, 84 (1988) (applying Brown).

Based on the findings of the Magistrate Judge that Plaintiff's obligations are not extinguished as to the Second Deed of Trust, the court **adopts** the Magistrate Judge's recommendation and **grants** Defendant's Motion to Dismiss. (Doc. 5). Plaintiff failed to plead facts sufficient to show a plausible violation of the FHA by Defendant. (Doc. 1-1). The FHA prohibits discrimination in housing and residential real estate transactions on the basis of "race, color, religion, sex, familial status, or national origin." 42 U.S.C. §§ 3601-3606. There are no allegations in the Complaint supporting a claim under the FHA, and the Court likewise **adopts** the Magistrate Judge's recommendation and **grants** Defendant's Motion to Dismiss. (Docs. 1-1, 5).

Further, Plaintiff's allegation that Defendant's reporting on the status of the second loan subsequent to the December 2007 foreclosure under the First Deed of Trust violates the FCRA was properly dismissed, as Plaintiff's Complaint does not state with sufficient particularity the basis of the FCRA allegation. (Docs. 1-1, 5). Plaintiff failed to allege the three elements necessary for a FCRA claim, including: (1) that he or she notified the consumer reporting agency

of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher than failed to [reasonably] investigate and modify the inaccurate information." Alston v. Wells Fargo Bank, N.A., 2013 WL 990416 (D. Md. 2013) (quoting Ausar-El v. Barclay Bank Del., 2012 WL 3137151 at *3 (D. Md. 2012). Therefore, the Court **adopts** the Magistrate Judge's recommendation and **grants** Defendant's Motion to Dismiss. Finally, the Plaintiff's Complaint makes only a passing mention to N.C. Gen. Stat. §§ 45-93(3), without stating how the Defendant violated the statute. (Docs. 1-1, 3). Based on the facts pleaded, the Court cannot find a plausible claim for violation of this statute upon which relief may be granted.

While the Plaintiff's objections do not direct the Court to a specific objection in the Magistrate Judge's recommendation, the Court has examined the M&R de novo and finds the Magistrate Judge's recommendation to be in accordance with the law. Therefore, the Court **adopts** the Magistrate Judge's recommendation and **grants** Defendant's Motion to Dismiss.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. 5), is **ADOPTED** and Defendants' Motion to Dismiss, (Doc. 3), is **GRANTED.** The Clerk of Court is directed to close this case.

Signed: May 5, 2014

Robert J. Conrad, Jr.
United States District Judge